John N. FLOOD, M.D., Plaintiff,

v.

John MARGIS, Jr., et al., Defendants.

No. 70–C–110.

United States District Court,
E. D. Wisconsin.

Feb. 13, 1973.

John N. Flood, pro se.

Prosser, Zimmermann, Wiedabach, Koppa & Lane by John E. Feldbruegge, Milwaukee, Wis., for Hostak.

Harold D. Gehrke, Corp. Counsel by Dennis J. Flynn, Racine, Wis., for Blessinger.

Foley & Capwell by David J. Nolden, Racine, Wis., for all other defendants.

## ORDER

MYRON L. GORDON, District Judge.

On December 26, 1972, 353 F.Supp. 400, this court entered its decision and order denying the motions for summary judgment, for abatement, and for increased security for costs; the defendant town of Caledonia's motion to dismiss was also denied. Pursuant to Rule 12(a), Federal Rules of Civil Procedure, the defendants had an additional 10 days from the date of such order to file a responsive pleading. To date, no responsive pleading has been filed by the defendants. The plaintiff has now moved for the entry of a default judgment.

Subsequent to the filing of the plaintiff's application for a default judgment, the defendants moved to strike certain paragraphs or, alternatively, for a more definite statement. In addition, the defendants have moved to enlarge the time to plead and submitted an answer with their motions to be filed in the event that the motions for a more definite statement and to strike are denied.

Default judgments are not favored by the courts. Gomes v. Williams, 420 F.2d 1364 (10th Cir. 1970); 6 Moore's Federal Practice, ¶ 55.10[2] (1972).

In the action at bar, counsel for the defendants has asserted his belief that the plaintiff is required to file an amended complaint. However, the court of appeals has determined that the complaint states a cause of action, and, therefore, the defendant is required to defend against that complaint.

The motion to strike paragraphs 4, 5, 6, 7, 8, 9, 13, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, and 27, will be granted. These paragraphs were characterized by the court of appeals as being too vague and conclusory to state a claim upon which relief may be granted. Flood v. Margis, 461 F.2d 253 (7th Cir. 1972).

The motion for a more definite statement will be denied. The court of appeals, at page 256 of its opinion, found that certain paragraphs of the complaint stated a cause of action. It is not the function of a motion for a more definite statement to require evidentiary disclosures. Such disclosure may be obtained through implementation of the discovery rules, Rules 26–36 inclusive, Federal Rules of Civil Procedure. See Nixa v. Hayes, 55 F.R.D. 40 (E.D.Wis. 1972); 2A Moore's Federal Practice, ¶ 12.18 (1972).

An additional motion now before the court is Mr. Flood's request that the

court strike certain portions of the second, fourth, and fifth paragraphs of the defendants' answer in the event such answer is permitted to be filed by the court. This motion will be denied in part and granted in part.

 The gravamen of the plaintiff's complaint is the alleged arbitrary raising of license fees and the refusal to renew the plaintiff's license to operate his mobile home park. The controverted portions of the fourth and fifth paragraphs of the answer are relevant to the plaintiff's claims and for that reason should not be stricken. United States Plywood Corp. v. Hudson Lumber Co., 17 F.R.D. 258 (S.D.N.Y.1955); 2A Moore's Federal Practice, ¶ 12.21 (1972).

Paragraph two of the defendants' answer, insofar as it pertains to paragraph 14 of the complaint will be stricken since the issue presented in such paragraph was resolved adversely to the defendants by the court of appeals. In view of my resolution of the defendants' motion to strike, the remainder of the plaintiff's motion to strike paragraph two of the answer is now moot.

Therefore, it is ordered that the plaintiff's motion for default judgment be and hereby is denied.

It is also ordered that the defendants' motion to strike be and hereby is granted except as to paragraph 14 of the complaint; such motion is denied as to paragraph 14.

It is also ordered that the defendants' motion to enlarge the time for filing the answer be and hereby is granted, and the answer now submitted is ordered filed.

It is further ordered that the plaintiff's motion to strike portions of the answer be and hereby is granted insofar as paragraph two of the defendants' answer pertains to paragraph 14 of the complaint; such motion is denied in all other respects.