Bonnie Sue **MILLETT**

v.

**Alcid DUMAIS.**

Supreme Judicial Court of Maine.

Nov. 17, 1976.

ant's alleged negligent medical treatment which originated with surgery performed on March 23 and May 1, 1970. The complaint was dated May 21, 1973, more than three years after the claimed cause of action accrued.

Ultimately, and after the plaintiff's application for a default judgment had been denied, a Justice of the Superior Court ordered judgment for the defendant on his motion for summary judgment, from which the plaintiff has appealed. We deny this appeal.

Appellant relies on the following two points:

"1. The Court erred in denying [Plaintiff's] Application for Judgment by Default.

2. The Court erred in entering summary judgment for Defendant DuMais."

## POINT I

Admittedly, the defendant was tardy in filing his answer as required by Rule 12(a), M.R.C.P. Four days prior to filing of the answer the plaintiff had moved for a default judgment for failure to answer pursuant to Rule 55(b)(2), M.R.C.P., which in pertinent part merely provides:

"[T]he party entitled to a judgment by default shall apply to the court therefor."

In defense of the action of the Justice in denying the motion, the defendant advances the argument that the granting of a motion for default judgment is discretionary. He finds support in this position from the commentary, Field, McKusick and Wroth, 2 Maine Civil Practice, § 55.4, at 21-22.

"The hearing on plaintiff's application for default judgment is concerned with two issues: (1) Should the default judg-

Lowry & Platt by Robert D. Platt, Portland, Robert W. Reece, Bridgton, for plaintiff.

Mahoney, Robinson, Mahoney & Norman by Lawrence P. Mahoney, Robert Hanson, David C. Norman, Portland, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE,* POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

ARCHIBALD, Justice.

In this action the plaintiff sought recovery of damages premised upon defend-

---

* WEATHERBEE, J., sat at argument and participated in consultation but died prior to preparation of opinion.

ment be entered, and (2) What should the judgment be in amount and kind? On the first question, the court must exercise its discretion, balancing the importance of parties being diligent in the trial of cases against the general disfavor with which the law views judgments by default. As has been said: '[S]ubstantial rights should not be determined by default if that procedure can reasonably be avoided and no substantial prejudice has resulted.' "

*See also* Barron and Holtzoff, Federal Practice and Procedure, § 1216.

 Our Civil Rules of Procedure, which have been in effect since 1959, were intentionally modeled after the comparable Federal Rules. Rule 55(b)(2), M.R.C.P., is no exception. We find general agreement in the federal cases for the proposition that the granting of a default judgment is discretionary, premised on the theory that justice is better served by adjudicating cases on their merits than by the use of default judgments. *See, e. g., Flaks v. Koegel,* 504 F.2d 702, 704 (2d Cir. 1974); *Gomes v. Williams,* 420 F.2d 1364, 1366 (10th Cir. 1970); *Duling v. Markun,* 231 F.2d 833, 836 (7th Cir. 1956), *cert. denied,* 352 U.S. 870, 77 S.Ct. 96, 1 L.Ed.2d 76; *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242 (3d Cir. 1951); *Flood v. Margis,* 60 F.R.D. 474 (D.C.Wis.1973); *United States v. Manos,* 56 F.R.D. 655 (D.C.Ohio 1972).

Of course, there are circumstances under which default judgments become appropriate, such as cases in which the action is not contested,[1] or where the record indicates unconscionable delay or contumacious conduct.[2]

 The Justice below dismissed the motion for a default judgment without comment but tersely added:

"All pleadings to be completed within ten (10) days.

Defendants to appear for depositions within thirty (30) days."

Since the defendant's answer, which was already filed in the Clerk's office when the Justice denied the motion for default judgment, disclosed a meritorious defense, namely, a denial of all alleged acts of medical malpractice and specifically raising the defense of the statute of limitations, we have no basis for saying that the Justice abused his discretion.

The plaintiff's reliance on *Willette v. Umhoeffer,* 245 A.2d 540 (Me.1968), is misconceived. *Willette* was concerned with whether adequate evidence had been presented on a defendant's motion for relief from a default judgment previously issued against him, the defendant, in effect, having been defaulted twice. This is an entirely different situation from that presented here, where the plaintiff is objecting to a refusal to enter a default judgment.

This point is without merit.

## POINT II

Defendant's motion for summary judgment under Rule 56, M.R.C.P., was based on the theory that neither the pleadings, the plaintiff's pre-trial memorandum, nor four depositions[3] then on file would allow the plaintiff recovery as a matter of law. A Justice of the Superior Court granted the motion, holding that fraudulent concealment does not exist

---

1. *Downing v. O'Brien,* 325 A.2d 526 (Me. 1974).

2. *See G.F.I. Computer Industries, Inc. v. Fry,* 476 F.2d 1, 5 (5th Cir. 1973); *E. F. Hutton & Company v. Moffatt,* 460 F.2d 284, 285 (5th Cir. 1972).

3. The four depositions were from the plaintiff; the defendant; Dr. Bean, plaintiff's original doctor who referred her to the defendant for surgery; and the plaintiff's mother.

"where the facts giving rise to the Plaintiff's cause of action are known to the Plaintiff immediately and the only 'concealment' is a failure to affirmatively advise plaintiff that those facts may give rise to a claim for damages."

14 M.R.S.A. § 753 provides:

"Actions for assault and battery, and for false imprisonment, slander, libel and malpractice of physicians and all others engaged in the healing art shall be commenced *within 2 years after the cause of action accrues.*" [4] (Emphasis supplied.)

The plaintiff contends that the Justice below was in error in granting summary judgment because a genuine issue of material fact existed as to whether the defendant had fraudulently concealed the plaintiff's cause of action from her within the meaning of 14 M.R.S.A. § 859 which provides:

"If a person, liable to any action mentioned, fraudulently conceals the cause thereof from the person entitled thereto, or if a fraud is committed which entitles any person to an action, the action may be commenced at any time within 6 years after the person entitled thereto discovers that he has just cause of action."

The plaintiff's complaint recognizes her vulnerability under the two-year statute of limitations and attempts to avoid a facially defective complaint by alleging: "At all times since March 23, 1970, [defendant has] fraudulently concealed [his] own negligence from [plaintiff]."

■ We have read the various depositions which formed a basis for the decision reached by the Justice below. Although layman's language was used, there can be no doubt that the plaintiff knew the nature of each surgical procedure that was performed, when it was performed, the reasons necessitating the surgery, the results thereof, and the prognosis. There is nothing in any of the depositions which suggests any erroneous or misleading statement on any of these matters.

As we understand the plaintiff's position, she contends that an issue as to fraudulent concealment is viable because the defendant did not specifically advise her that the various surgical procedures *might* have been performed negligently.

This is illustrated in the plaintiff's pretrial memorandum by the use of this language:

"(c) *Statute of Limitations*: Did Defendants, acting within the context of a confidential relationship and purporting to act or advise with Plaintiff's interest in mind, *fraudulently conceal Plaintiff's cause of action from her?*" (Emphasis supplied.)

■ We do not deem it a function of attending physicians to give their patients legal advice. If the plaintiff's contention is correct, every doctor treating a patient would be under a legal obligation to advise his patient that he might be acting negligently. Given the fact that the relationship between physician and patient is one of great confidence and trust, thus imposing a duty to disclose all pertinent facts to the patient, it does not necessarily follow that this obligation to disclose must include the peripheral possibilities of misjudgment and negligence. We deem that the fraudulent concealment contemplated by Section 859 is the failure to disclose specific acts which, if known, might give rise to a cause of action for malpractice. In *Eschenbacher v. Hier*, 363 Mich. 676, 682, 110 N.W.2d 731, 734 (1961), it was held:

"[I]t is the cause of action which must be fraudulently concealed by failing

---

4. This statute has been interpreted as becoming operative from the date of the negligent act as opposed to the date of the discovery thereof, assuming there is no suggestion of fraudulent concealment. *Tantish v. Szendey*, 158 Me. 228, 182 A.2d 660 (1962). *See Clark v. Gulesian*, 429 F.2d 405 (1st Cir. 1970). *See also Williams v. Ford Motor Company*, 342 A.2d 712 (Me.1975).

to disclose the fact of injury resulting from the malpractice, by diverting the patient from discovering the malpractice or the party responsible therefor, or by other means the effect of which is to conceal from the patient his right to sue."

*See also Sheets v. Burman,* 322 F.2d 277 (5th Cir. 1963).

The plaintiff cites two cases in particular as supporting her position. *Guy v. Schuldt,* 236 Ind. 101, 138 N.E.2d 891 (1956), held that it was error to dismiss a plaintiff's action as falling within the two-year statute of limitations since an opportunity should have been afforded to respond to a motion for summary judgment by an amendment alleging fraudulent concealment, which could remove the case from the operation of the statute of limitations. On the facts now before us it must be remembered that the plaintiff did allege fraudulent concealment, thus clearly distinguishing it from *Guy.*

*Pashley v. Pacific Electric Co.,* 25 Cal. 2d 226, 153 P.2d 325 (1944), is also clearly distinguishable. In that case the plaintiff's eye was injured in 1930. After treatment by physicians he was then told by them that his cure was complete, that his eye was in perfect condition, that he should not consult other physicians and that he should return in two years for a checkup. Twelve years later he discovered that he was about to lose the sight of his eye because of the 1930 incident, and the Court found that the original statement by the doctors was intentionally erroneous because it was then known that the injury would eventually cause complete destruction of the eye and this *fact* was not disclosed. On the record before us there was no such concealment of any material fact.

■ Since our reading of the record discloses the existence of no fact from which a fact finder might conclude that the defendant had been guilty of fraudulent concealment, thus taking the case out of the statute of limitations, we conclude that the ruling of the Justice below was proper.[5]

The entry is:

Appeal denied.

All Justices concur.

---

5. The result which we have reached should not be interpreted as any relaxation of the general rule that if there is any genuine issue of fact remaining unresolved, summary judgment is inappropriate. See Commentary 56.1 and cases cited thereunder, Field, McKusick and Wroth, 2 Maine Civil Practice, at 34–35.