STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-07-128

JAMES E. CUMMINGS,

        Plaintiff

v.

**ORDER**

,ONALD L. GARBRECHT
LAW LIBRARY

, .) ιUUб

LIMINGTON SAND & GRAVEL, LLC,

        Defendant

This case comes before the Court on Plaintiff James E. Cummings' (Plaintiff)

Motion for Default Judgment pursuant to M.R. Civ. P. 55 (b) or alternatively Plaintiff's

Motion for Summary Judgment pursuant to M.R. Civ. P. 56.

## BACKGROUND

Defendant Limington Sand & Gravel, LLC (LSG) executed a promissory note

(Note) and mortgage to Plaintiff on September 23, 2005 for the purchase of a gravel pit.

Payments were to be made semi-annually with no interest. The Note contains the

following default/acceleration clause:

> In case of default in the payment of any installment of principal and
> interest due hereon, and such default continuing more than <u>20 days after</u>
> <u>notice of such default given by holder to maker</u>, the holder of this note
> shall have the option to declare due and payable at once, the entire
> principal balance hereof (emphasis added).

Plaintiff's Exhibit A: Promissory Note dated 9/23/2005.

On the afternoon of October 1, 2007, Plaintiff mailed to LSG, by certified mail,

return receipt requested, a notice of default on the $50,000 payment due on October 1,

2007 (Default Notice). The Default Notice was delivered to LSG on October 15, 2007.[1] LSG then issued a check, which was hand-delivered to Plaintiff on October 26, 2007.[2] Plaintiff refused to accept the check.

On November 27, 2007, Plaintiff served LSG with a Summons and Complaint asserting a default on the Note. Answer was filed late by LSG on January 4, 2008, allegedly due to a misunderstanding between LSG and its various attorneys.

Plaintiff now moves for default judgment due to the untimely answer, or alternately for summary judgment on LSG's payment default. Plaintiff claims that the twenty-day grace period runs from the date the Default Notice was mailed and thus expired no later than October 22, 2007. LSG counters that the 20-day grace period should run from October 15, 2007, the date of receipt of the Default Notice, based on the contract language between the parties. Accordingly, payment on the Note would be timely through November 4, 2007. The total outstanding amount due on the note is $225,000.

## DISCUSSION

### I.    Motion for Default Judgment

Plaintiff moves for a default judgment for failure of LSG to answer the complaint in a timely fashion. A party is entitled to a default entry when an opposing party fails to respond within the time prescribed by M.R. Civ. P. 7. A default, however, may be lifted for "good cause shown." M.R. Civ. P. 55(c).

---

[1]    The parties disagree whether the delay in delivery of the Default Notice was due to the United States Postal Service (USPS) or LSG. However, LSG, by affidavit and attached copy of USPS record, shows that the delay was due to the USPS.

[2]    Plaintiff contends that it was hand-delivered on November 1-2, 2007, but the difference in dates is not material.

2

A default "is to be distinguished from the judgment by default which can be entered subsequently upon satisfaction of certain conditions . . . ." 2 Field McKusick & Wroth, *Maine Civil Practice* § 55.1 (2d ed. 1970 & Supp. 1981). Thus, even if a default could be entered in this matter, Plaintiff must still meet the requirements of a default judgment in order to prevail at this initial stage of the litigation.

Pursuant to Rule 55(b) "the party entitled to judgment by default shall apply to the court therefore. . . *Millett v. Dumais,* 365 A.2d 1038, 1039 (Me. 1976) (*quoting* M.R. Civ. P. 55(b)). Such judgment is entered at the discretion of the trial court and "premised on the theory that justice is better served by adjudicating cases on their merits than by the use of default judgments." *Id.* at 1040 (citations omitted). "The rationale underlying our default judgment mechanism is to empower trial judges to invoke such drastic sanction in order to retain control of their trial dockets and to dispense justice between the parties by protecting the diligent against parties who choose delay as part of their litigative strategy." *Sheepscot Land Corp. v. Gregory,* 383 A.2d 16, 18-19 (Me. 1978) (citations omitted). Default judgments are appropriate "in cases in which the action is not contested, or where the record indicates unconscionable delay or contumacious conduct." *Millet,* 365 A.2d at 1040. Additionally, "no judgment by default shall be entered until the filing of an affidavit made by the plaintiff or the plaintiff's attorney, . . . ." *See* M.R. Civ. P. 55(b)(4).

There is no evidence that LSG delayed its answer as part of a litigation strategy or that the delay caused unconscionable delay. Nor did Plaintiff file an affidavit pursuant to M.R. Civ. P. 55(b)(4). Accordingly a default judgment is not appropriate.

II.     **Motion for Summary Judgment**

    a.  **Standard of Review**

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "If material facts are disputed, the dispute must be resolved through fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 22.

"The standards for summary judgment in favor of a party with the burden of proof may be somewhat different, as the fact finder has the prerogative to disbelieve a witness and other affirmative evidence, even if that evidence is uncontradicted." Alexander, *The Maine Rules of Civil Procedure with Advisory and Committee Notes* § 56.1.4 (*citing Dionne v. LeClerc*, 2006 ME 34, ¶ 15, 896 A.2d 923, 929). At this stage, the facts are reviewed "in the light most favorable to the nonmoving party." *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63, 65.

### b. Notice

Plaintiff claims that the twenty-day grace period built into the Note runs from the date Default Notice was sent, October 1, 2007. Thus, Plaintiff asserts its right to accelerate the Note and seeks payment of all outstanding amounts due under the Note plus attorney's fees because there is no dispute that the LSG tendered payment more than 20 days after October 1, 2007. LSG counters that the grace period runs from the date of receipt, October 15, 2007 and thus payment was timely made anytime prior to November 4, 2007.

4

When considering the language of a contract at summary judgment, "contract language [that] is ambiguous or uncertain, . . . is a question of fact to be determined by the fact finder." [3] *Gagne v. Stevens*, 1997 ME 88, ¶ 8, 696 A.2d 411, 414 (citations omitted). If the contract language is unambiguous, it is a "question of law for the court." *Id.* Questions regarding integration of the contract and sufficiency of the writing under the statute of frauds are a matter of law. [4] *Id.*

Plaintiff supports his argument by citing to the following portion of the Uniform Commercial Code's (UCC) definition of "notifies:"[5]

> NOTIFIES: A person "notifies" or "gives" a notice or notification to another by taking such steps as may be reasonably required to inform the other in ordinary course whether or not such other actually comes to know of it.

11 M.R.S. § 1-201(26). However, the full text of 11 M.R.S.A. §1-201(25) and (26) distinguishes between "notifies" and "notice." [6]

---

[3] LSG also argues that parole evidence should be admitted to show that the intention of the 20-day grace period was to serve as a reminder to LSG of the bi-annual payments. The Court finds the wording of the Note unambiguous and accordingly can make a determination as a matter of law.

[4] As stated above, the Note language allows:

> In case of default in the payment of any installment of principal and interest due hereon, and such default continuing more than <u>20 days after notice of such default given by holder to maker</u>, the holder of this note shall have the option to declare due and payable at once, the entire principal balance hereof (emphasis added).

[5] The Uniform Commercial Code applies to the sale of commercial real estate. *See e.g. Forbes v. Wells Beach Casino, Inc.*, 307 A.2d 210, 219 (Me. 1973).

[6] 11 M.R.S.A. § 1-201(25-26) states:

**(25). Notice.** A person has "notice" of a fact when

(a). He has actual knowledge of it; or

(b). He has received a notice or notification of it; or

(c). From all the facts and circumstances known to him at the time in question he has reason to know that it

5

In this case the operative language in the Note is: "such default continuing more than 20 days after <u>notice</u> of such default given <u>by holder to maker</u> " (emphasis added). Under the UCC a person has notice "when he has actual knowledge of" a fact. 11 M.R.S. § 1-201(25). Based on a plain reading of both the Note and Section 1-201 of Maine's UCC, this Court concludes that the 20-day grace period prior to invocation of the acceleration clause as incorporated into the Note, runs from receipt of Default Notice by LSG.

## CONCLUSION

Plaintiff's Motion for Default Judgment is DENIED. Plaintiff's Motion for Summary Judgment is DENIED. Summary Judgment is entered against Plaintiff because, as a matter of law, LSG tendered payment in a timely manner under the Note.[7]

Dated: June /6, 2008

G. Arthur Brennan
Justice, Superior Court

cc: Robert S. Hark, Esq. - PL
    Timothy H. Norton, Esq. - DEF

---

exists.

A person "knows" or has "knowledge" of a fact when he has actual knowledge of it. "Discover" or "learn" or a word or phrase of similar import refers to knowledge rather than to reason to know. The time and circumstances under which a notice or notification may cease to be effective are not determined by this Title.

(26). **Notifies.** A person "notifies" or "gives" a notice or notification to another by taking such steps as may be reasonably required to inform the other in ordinary course whether or not such other actually comes to know of it. A person "receives" a notice or notification when

(a). It comes to his attention; or

(b). It is duly delivered at the place of business through which the contract was made or at any other place held out by him as the place for receipt of such communications.

[7] See M.R. Civ. P. 56(c) "Summary judgment, when appropriate, may be rendered against the moving party."

6