STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-11-81
TDW CUM- 9/22/201'

ALLEN BERRY,

    Plaintiff

v.

RONALD MALLET, et al,

    Defendants.

ORDER

STATE OF MAINE
Cumberland, ss, Clerk's Office

SEP 23 2011

**RECEIVED**

Before the court is a motion by defendants Ronald Mallet and Besner Transport Inc. to set aside the entry of defaults entered by the clerk on May 23, 2011.

In this action plaintiff Allen Berry seeks recovery against Mallet and Besner Transport for injuries sustained in a July 22, 2009 collision between Berry's vehicle and a tractor-trailer owned by Besner Transport and driven by Mallet. Mallet is a Canadian citizen residing in New Brunswick and Besner Transport's principal place of business is St. Laurent, Quebec.

The complaint was filed on March 2, 2011. Before the complaint was filed, service had been made on Mallet in New Brunswick on February 23, 2011 and on Besner Transport in Quebec on February 24, 2011. Because the defendants were served before the complaint was filed, the summonses and complaints did not bear any docket number.

No answers were filed. On May 16, 2011 plaintiff filed a request for entries of default and a motion for a default judgment.[1] The clerk entered the defaults on May 23,

---

[1] Those submissions may have been spurred by an order issued by the court on May 4, 2011 noting that no answers had been filed two and ½ months after service had been made and

2011. Plaintiff's motion for a default judgment was pending when defendants, through counsel, filed the instant motion to set aside the defaults on May 27, 2011.

Under Rule 55(c) the court can set aside a default for good cause shown. To establish good cause, the moving party must show a good excuse for the untimeliness in pleading and the existence of a meritorious defense. E.g., Truman v. Browne, 2001 ME 182 ¶ 9, 788 A.2d 168, 170; Thomas v. Thompson, 653 A.2d 417, 419-20 (Me. 1995). Courts have also looked to whether the opposing party has been prejudiced by the delay, and the standard under Rule 55(c) is less stringent than the "excusable neglect" standard that would have to be met under Rule 60(b)(1) if a default judgment had been entered. See 653 A.2d at 420 n. 2.

### 1. Good Excuse for Default – Besner Transport

In this case the court finds that Besner Transport has not demonstrated a good excuse for its untimeliness in responding. The record before the court indicates that Berry's claims arise out of an accident in Wiscasset involving multiple vehicles. Claims against Mallet and Besner Transport were all referred to an insurance representative, John Seyler at the firm of Cunningham Lindsay (apparently referred to as a "third party administrator" in Canada), who had settled all of the claims except that of Berry.

Seyler had advised plaintiff's counsel in September 2009 that he was handling the claim and had requested that all further correspondence be directed to him. However, Berry's claim had not been resolved a year later and plaintiff's counsel sent an email to Seyler expressing frustration at the lack of response and asking, in effect, if

---

directing plaintiff's counsel either to seek the entry of a default or to show cause why it had not done so. The order also stated that if any informal extensions had been given, counsel was to inform the clerk's office and advise defendants or "their counsel or any relevant insurance representative of this order."

2

there was any reason not to file suit. Seyler responded, by email, "I fully understand if you have to file suit."

On October 8, 2010 plaintiff's counsel sent an email to Giles Galarneau, an executive of Besner's parent company, stating that he was in the process of filing suit and requesting the name and address of Besner's corporate counsel so that he might direct copies of the suit to that counsel. A copy of that email was sent to Seyler. As far as the court can tell, no response was received to that email.

For their part Seyler and Galarneau (who was the person who accepted service of the summons and complaint for Besner Transport on February 24, 2011) state that because the summonses and complaints served by plaintiff did not bear a docket number, they thought that suit had not been formally commenced (relying on their understanding of Canadian law) and that they did not have to answer. This might constitute a good excuse for default if Seyler and Galarneau had not previously been advised that plaintiff's counsel was in the process of filing suit and if Seyler had not responded, "I fully understand if you have to file suit."

At that point, if Seyler and Galarneau were in doubt whether the service of a summons and complaint without a docket number required a response, the service of the summonses and complaint at least merited some further inquiry with the court, with plaintiff's counsel, or with a Maine attorney. Under the specific circumstances of this case there is not a good excuse for Besner Transport's failure to respond until after a default had been entered — two and a half months after answers should have been filed.

3

## 2. Meritorious Defense – Besner Transport

In light of the failure to show a reasonable excuse, the court does not need to consider the second prong of good cause under Rule 55(c) – whether Besner Transport has shown a meritorious defense. However, in its motion papers Besner Transport stresses that the defense it wishes to raise is causation — whether all of Berry's injuries were caused by the collision and whether a contributing cause may also have been the failure of a seat belt in Berry's vehicle.

No default judgment has been entered, and Berry is not seeking a liquidated sum. Accordingly, it will be necessary for the court to conduct a hearing on damages. M.R.Civ.P. 55(b). Besner Transport has now appeared and will be able to contest damages at that hearing.

In addition, if Besner Transport has a legitimate claim that the manufacturer of Berry's vehicle or the seat belt manufacturer should be liable to defendants for all or part of any damages assessed against defendants, Besner Transport is not barred from filing a suit for contribution.

## 3. Good Cause – Ronald Mallet

The court reaches a different result with respect to defendant Ronald Mallet. With respect to Mallet there is no evidence before the court that he was in any way involved in the dealings between Seyler, Galarneau, and plaintiff's counsel, nor that he was advised that plaintiff intended to file suit or was advised that Seyler had informed plaintiff's counsel that he fully understood if a suit was forthcoming.

All we know from this record is that, when served with the summons and complaint, Mallet promptly provided it to Galarneau. See Galarneau Aff. ¶ 7. Under the circumstances Mallet cannot be blamed for expecting that the summons and complaint

4

would be properly handled by his employer and by his employer's insurance representative and that he did not need to take further action. Accordingly, Mallet has shown a good excuse for his untimeliness.

Moreover, the court also concludes that Mallet has shown a sufficiently meritorious defense to justify relief. To establish the existence of a meritorious defense for purposes of Rule 55(c), a party need not demonstrate that it will necessarily prevail on the merits but need only set forth facts which if proven at trial would constitute a viable defense. See Hamby v. Thomas Realty Associates, 617 A.2d 562, 564 (Me. 1992); Coon v. Grenier, 867 F.2d 73, 77 (1st Cir. 1989). Those facts may be set forth by affidavit or in the defaulting party's proposed pleading, and the moving party need not set forth admissible evidence at this stage. Hart v. Terry L. Hopkins Inc., 588 A.2d 1187, 1190 (Me. 1991). In this case, the proposed answer on behalf of Mallet that is attached to defendants' motion sets forth defenses that are sufficient to meet the low standard of meritoriousness under Rule 55(c).

Setting aside the default against Mallet is consistent with the strong preference in Maine law for deciding cases on their merits. Thomas v. Thompson, 653 A.2d at 420; Wescott v. Allstate Insurance Co., 397 A.2d 156, 163 (Me. 1979); Millet v. Dumais, 365 A.2d 1038, 1040 (Me. 1976), quoting Field McKusick & Wroth, Maine Civil Practice § 55.4 at 21-22 ("substantial rights should not be determined by default if that procedure can reasonably be avoided and no substantial prejudice has resulted"). See Gill v. Stolow, 240 F.2d 669, 670 (2d Cir. 1957). The distinction between Mallet and Besner Transport is that the court concludes that Besner Transport has lost its right to benefit from the policy disfavoring default given the trail of communications between plaintiff's counsel, Seyler, and Galarneau before suit was instituted.

5

## 4. Future Proceedings

In light of the default against Besner Transport on the issue of liability, the court does not know if plaintiff intends to pursue its claims against Mallet. The clerk shall set a scheduling conference at which the parties may be heard on the issuance of a scheduling order in anticipation of a trial or hearing on damages.

The entry shall be:

Defendants' motion to set aside the entries of default and to file a late answer is denied as to defendant Besner Transport Inc. and granted as to defendant Ronald Mallet. Mallet's answer shall be accepted for filing. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: September 22, 2011

Thomas D. Warren
Justice, Superior Court

6

ALLEN BERRY VS RONALD MALLET ET AL
UTN:AOCSsr -2011-0019924                                    CASE #:PORSC-CV-2011-00081
---------------------------------------------------------------------------------

01 0000002195              CONLEY, GERARD P JR
     465 CONGRESS ST PORTLAND ME 04101
     F      ALLEN BERRY                              PL          RTND    03/02/2011


\* DEF's ARE PRO SE.