STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-12-02
TDWCUM - 11/9/2012

MALCOLM PROCTOR,

Plaintiff,

v.

ORDER

MAINE UNEMPLOYMENT INSURANCE
COMMISSION,

Defendant.

STATE OF MAINE
Cumberland, ss, Clerk's Office

NOV 0 9 2012

RECEIVED

Before the court is plaintiff Malcolm Proctor's appeal from a November 29, 2011 decision of the Maine Unemployment Insurance Commission determining that Proctor had voluntarily left his employment without good cause attributable to his employment and was therefore ineligible for unemployment benefits. R. 1-6.

There are two issues raised on this appeal. The first arises from the procedural history of the proceedings before the Commission. This involves the question of whether good cause existed for the employer's failure to participate in a telephonic hearing before a Hearing Officer. The second is whether, if good cause existed, there is substantial evidence to support the Commission's decision that Proctor had voluntarily left employment without good cause attributable to his employment.

Procedural History

Proctor left his employment with his employer, Mega Industries LLC, on October 25, 2010. The initial administrative decision of the deputy at the Bureau of

Unemployment Compensation determined that Proctor's separation was voluntary and without good cause attributable to his employment. (R. 200).

Proctor appealed that decision, and a telephonic hearing was scheduled before an Administrative Hearing Officer on January 24, 2011. (R. 198). The hearing went forward on that date but the employer did not participate in the hearing under circumstances discussed below. In the absence of any participation by the employer, the hearing officer decided the case based solely on the evidence presented by Proctor and reversed the deputy's decision, concluding that Proctor had left his employment with good cause attributable to his employment. (R. 155-58).

The employer than appealed to the Commission, arguing that there had been good cause for its failure to participate in the telephonic hearing. (R. 10-12). The Commission determined, pursuant to 12-172 C.M.R. Ch. 5 § 1(B)(1)(b), that the employer had shown good cause for its failure to participate in the telephonic hearing. Having found good cause, the Commission then conducted a hearing on the substantive issues, see id., and determined that Proctor had voluntarily left his employment without good cause attributable to that employment. (R. 1-5).

Good Cause

Proctor argues that the Commission erred in determining that the employer had shown good cause for its failure to participate by telephone. The applicable rule provides in pertinent part as follows:

> B.   Disposition without full hearing.
>
> 1.   The commission or the Division of Administrative Hearings may make informal disposition of any adjudicatory proceeding by default when the appealing party fails to appear at the scheduled hearing, provided notice of the consequences of such

2

failure to appear has been given said party. Any such default may be set aside by the commission or Division of Administrative Hearings for good cause shown. The procedure for good cause hearings is as follows:

a.    Upon written request setting forth the reasons for failing to appear, the Division of Administrative Hearings may provide a good cause hearing to the appealing party that failed to appear at the hearing before the Division of Administrative Hearings. If the Division of Administrative Hearings determines that good cause exists, it will conduct a hearing on the underlying substantive issues. Similarly, upon written request setting forth the reasons for failing to appear at a Commission hearing, the Commission may provide a good cause hearing to the appealing party that failed to appear. A hearing on the underlying substantive issues shall be conducted only if the Commission determines that good cause exists.

b.    Upon written request setting forth the reasons for failing to appear, the Commission may provide a good cause hearing to the non-appealing party that failed to appear before the Division of Administrative Hearings. If the Commission determines that good cause exists, it will conduct a hearing on the underlying substantive issues.

12-172 C.M.R. Ch. 5 § 1(B)(1). Because the employer was the non-appealing party in this case section 1(B)(1)(b) of the rule is applicable.

The evidence before the Commission on this issue was that the employer had been available and waiting to participate in the January 24, 2011 telephonic hearing but that – for some technical reason – the Hearing Officer's attempt to telephone the employer had been blocked by call blocking. The employer receives business calls on that telephone line, had not instituted call blocking, and was unaware that any call

3

blocking would be in effect. Moreover, the employer attempted to call the Hearing Officer when no telephone call was received but was told that the hearing officer was in a hearing and could not be disturbed. (R. 23).

Proctor argues that the employer should have been aware of the potential for call blocking because the notice given for the January 24, 2011 telephonic hearing included language informing participants that they should contact their telephone company before the hearing "as many telephone companies automatically block these types of calls." (R. 198).

Based on that notice the Commission could have found that the employer had not shown good cause for its failure to participate. However, as was noted at the Commission hearing, the Commission has a standard practice – notwithstanding the notice referred to by Proctor – of treating as excusable the first occasion that a party fails to participate because of inadvertent call blocking. (R. 26-27).[1] It was within the Commission's discretion to follow that practice in this case.

Proctor also argues that the Commission's determination in this case is inconsistent with the definition of "good cause" found at 12-172 C.M.R. ch. 1 § 1(T). That definition reads as follows:

> For the purposes of the Employment Security Law and regulations, the Commission determines that "good cause" shall be when the <u>unemployed individual</u> is ill, or when illness of the <u>unemployed individual's</u> spouse or children, or parents, or stepparents, brothers or sisters, or relatives who have been acting in the capacity of a parent of either the claimant or spouse, require his or her presence; or <u>he or she</u> is in attendance at a funeral of such relative; or required by religious conviction to observe a religious holiday; or

---

[1] The Commission's practice recognizes that parties have no reason to know that, even though they do not have call blocking and their phones receive all other kinds of calls, calls from hearing officers in unemployment cases are somehow routed to call blocking. On this issue, it also bears emphasis that the notice of the telephonic hearing stated that call blocking would be treated as a failure to appear that "may" result in dismissal of the appeal. (R. 198).

4

> required by law to perform either a military or civil duty; or other cause of a necessitous and compelling nature. Incarceration as a result of a conviction for a felony or misdemeanor is excluded from the definition of "good cause."

(emphasis added).

There are two problems with Proctor's argument. The first is that the definition in question – as the highlighted text indicates – focuses on good cause as it relates to the "unemployed individual "and does not address good cause as it relates to an employer. Secondly, even if the definition applies, it does not deprive the Commission of the discretion to determine that a failure to participate because of call blocking – when the employer was waiting for the call, when the employer had never instituted call blocking, when the telephone in question did not block any other calls, and when the employer then attempted to call the hearing officer but was told he could not be disturbed – constituted a "necessitous and compelling" cause, particularly if that was the Commission's standard practice in first time cases where call blocking had occurred.

The Commission's determination that good cause existed in this case is also consistent with the strong preference in Maine law for deciding cases on their merits. E.g., Thomas v. Thompson, 653 A.2d 417, 419-20 (Me. 1995); Wescott v. Allstate Insurance Co., 397 A.2d 156, 163 (Me. 1979); Millet v. Dumais, 365 A.2d 1038, 1040 (Me. 1976), quoting Field McKusick & Wroth, Maine Civil Practice § 55.4 at 21-22 ("substantial rights should not be determined by default if that procedure can reasonably be avoided and no substantial prejudice has resulted").

The Commission therefore had the discretion to find good cause for the employer's failure to participate in the January 24, 2011 telephonic conference in this case.

5

<u>Voluntary Departure from Employment</u>

Turning to the merits of Proctor's appeal, the court's role is to determine whether the Commission correctly applied the law and whether its findings are supported by any competent evidence. <u>McPherson Timberlands Inc. v. Unemployment Insurance Commission</u>, 1998 ME 177 ¶ 6, 714 A.2d 818, 820. The court cannot overrule a decision of the Commission unless the record before the Commission compels a contrary result. <u>Id.</u> The court should not substitute is own judgment for that of the agency and must affirm findings of fact if they are supported by substantial evidence in the record. <u>Rangeley Crossroads Coalition v. Land Use Regulation Commission</u>, 2008 ME 115 ¶ 10, 955 A.2d 223, 227.

In this case there was evidence that Proctor was working as a team leader of the machinists at Mega Industries, that the company became aware that it was experiencing significant delays in the shipping of its products, that there had been discussions with Proctor about the lateness in shipping, and that the company CEO personally observed that Proctor was wasting time and entering incorrect time information on reporting documents. (R. 44, 57, 59, 105, 205). At that point the CEO relieved Proctor of his position as team leader and returned Proctor to his former position as a machinist, requiring him to keep a log of his time and making him ineligible for overtime. (R. 61-62).[2] Proctor continued to work as a machinist for approximately three days. (R. 63, 183). However, on the following Monday, October 25, 2010, Proctor collected his tools and belongings, left work, and did not return, stating that he felt degraded. (R. 63, 180, 183-

---

[2] The employer testified that there was a hope that Proctor would change his behavior "and we'd go forward from that." (R. 62).

6

84).

Proctor offered certain contrary evidence, but the Commission, not the court, is the appropriate judge of credibility. Merrow v. Maine Unemployment Insurance Commission, 497 A.2d 1197, 1201 (Me. 1985). Given the evidence set forth above, the Commission had a sufficient basis to find that Proctor had not established that his departure from employment as a machinist on October 25 was compelled by his employer or by unreasonable pressure attributable to his work. Although it could have reached a contrary conclusion, the Commission was entitled to conclude that Proctor could have continued working as a machinist but chose not to because of his unhappiness over his demotion from team leader.

Accordingly, there is evidence to support the Commission's determination that Proctor voluntarily left his employment without good cause attributable to that employment. 26 M.R.S. § 1193(1)(A).

The entry shall be:

The decision of the Commission is affirmed. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: November 9, 2012

Thomas D. Warren
Justice, Superior Court

7

Date Filed __January 9, 2012__ __CUMBERLAND__     Docket No. ___AP-12-2___

County

Action ___80C APPEAL___

MALCOLM E. PROCTOR            MEGA INDUSTRIES LLC

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| ERIKA FRANK ESQ<br>936 ROOSEVELT TRAIL<br>UNIT 4<br>WINDHAM, ME 04062 | WILLIAM LAUBENSTEIN, ESQ.<br>6 STATE HOUSE STATION<br>AUGUSTA, ME 04333-0006 |

Date of
Entry