STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-15-104

KHERALLAH SALLEH,

        Plaintiff

v.

TRAVELERS CASUALTY INSURANCE
CO., et al.,

        Defendants

STATE OF MAINE
Cumberland, ss. Clerk's Office

NOV 23 2016

RECEIVED

This case concerns an insurance claim made by plaintiff Kherallah Salleh with respect to fire damage at the location where Salleh maintained an auto repair business.

Before the court are four motions: (1) a motion for summary judgment by defendant Travelers Casualty Insurance Co.; (2) a motion for summary judgment by defendant Michals Insurance Agency Inc.; (3) a motion by Salleh to strike an expert witness designated by Travelers; and (4) a motion in limine by the Michals Agency to exclude a recorded out of court statement by Nick Lotfey, an employee of the Michals Agency.

Summary Judgment

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g., Johnson v. McNeil*, 2002 ME 99 ¶ 8, 800 A.2d 702. The facts must be considered in the light most favorable to the

non-moving party. *Id.* Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. *Rodrigue v. Rodrigue*, 1997 ME 99 ¶ 8, 694 A.2d 924.

Travelers Summary Judgment Motion Based on Alleged Misrepresentations

In its motion Travelers has assembled a lengthy list of alleged misrepresentations that it contends void Salleh's insurance policy. Salleh argues that misrepresentations, under the policy, have to be "intentional" or "willful." He acknowledges one misrepresentation but contends that it was innocent because he was advised to make the misrepresentation by Nick Lotfey, the insurance agent from the Michals Agency who sold him the policy. Salleh contends that under 24-A M.R.S. §§ 2422(1) and (2) Lotfey was an agent of Travelers and that any information known to Lotfey (including the information that Omar Martinez was the actual owner of the two car lifts that Salleh originally claimed were owned by Salleh) is regarded as having been known by Travelers.

Salleh has also submitted an affidavit disputing all of the other allegedly willful misrepresentations relied upon by Travelers. On all of the alleged misrepresentation issues the court concludes that Salleh has submitted sufficient evidence to raise disputed issues for trial.

Travelers Summary Judgment Motion relating to Coverage for Damage to Building

In addition to seeking reimbursement for alleged losses to his tools, office furniture and equipment, an allegedly expensive painting, and car parts (batteries, tires, radios and car

2

computers), Salleh contends that he is entitled to reimbursement for damage to the portion of the building which he leased for his auto repair business. However, the Declarations to the policy for "property damage" do not cover damage to the building but only "business personal property," business interruption, accounts receivable, and valuable papers.[1] The policy also provides that property only qualifies as "covered property" if a limit on coverage is shown in the Declarations. No such limit is shown for any buildings.

Salleh argues that he is entitled to coverage under a provision applicable to "newly acquired" property including "buildings you acquire by purchase or lease at any premises including those premises shown on the Declarations." This provision, however, applies to the future purchase or lease of additional premises. It is undisputed that Salleh had already leased the property where the fire occurred and had done so six weeks before the policy was issued. Travelers SMF ¶ 54.[2]

It makes no sense to construe coverage for "buildings you acquire" to mean coverage for "buildings you have already leased at the time the policy was issued." Moreover, the language that the "buildings you acquire" can be at the premises shown on the Declarations as well as at other premises demonstrates that this provision is intended to apply to new premises and not to the insured's existing premises.

The court concludes that even under the principle that ambiguities are to be construed in favor of the insured, there is no ambiguity here and coverage is not available for Salleh's claim of damage to the building. Travelers is entitled to summary judgment on Salleh's claim for damage to the building.

---

[1] It appears that "fine arts" is also covered, and Salleh has a claim for a painting that he contends is worth $6000.

[2] Although Salleh responded to ¶ 54 by stating "qualified," a review of his qualification demonstrates that the factual assertions in ¶ 54 are admitted.

<u>Michals Summary Judgment Motion</u>

Salleh's claims against the Michals Agency are based on the advice allegedly provided by Nick Lotfey that Salleh should represent that Salleh owned two car lifts that were actually owned by Omar Martinez. In Count V of the complaint Salleh alleges that Lotfey, in addition to having a statutory agency relationship with Travelers pursuant to 24-A M.R.S. § 2422(1), was Salleh's insurance agent and violated a fiduciary relationship by giving him bad advice. In Count VI of the complaint Salleh alleges that Lotfey is liable for negligent misrepresentation for giving him the bad advice which he contends resulted in Travelers' denial of his claim.

Salleh is suing the Michals Agency rather than Lotfey, and his claims against the Michals Agency therefore depend on whether Lotfey's actions were within the course and scope of his duties as an insurance agent employed by Michals. Although Michals argues that Salleh has not demonstrated that there is a disputed issue for trial as to whether Michals can be vicariously liable for Lotfey's actions, the court concludes that there is a disputed issue for trial on this issue. This is especially true because the Law Court has most recently looked to section 7.07 of the Restatement (Third) of Agency. *See Picher v. Roman Catholic Bishop of Portland,* 2009 ME 67 ¶ 32, 974 A.2d 286. Section 7.07(2) indicates that an employee is within the scope of employment when he is engaging in conduct subject to the employer's control and is not within the scope of employment when he is engaging in an independent course of conduct not intended to serve any purpose of the employer.

In this case Michals argues that Lotfey was not authorized to provide advice to customers with respect to insurance claims. However, Michals does not dispute Lotfey was authorized to discuss insurance with Salleh because Lotfey sold Salleh the policy. Michals also acknowledges

4

that Lotfey would have been authorized to convey information to the insurance company if requested by Salleh. Michals Aff. ¶ 6. The argument that Lotfey was in the scope of his employment in discussing insurance with Salleh but was outside the scope of employment if he gave advice with respect to insurance claims is too fine a distinction to be resolved on summary judgment. Lotfey, as an insurance agent for Michals, also may have been cloaked with apparent authority. *See Gniadek v. Camp Sunshine,* 2011 ME 11 ¶¶ 33-34, 11 A.3d 308. On this record, whether Michals should be held responsible for Lotfey's conduct is an issue for trial.

Michals separately argues that summary judgment should be granted with respect to Salleh's breach of fiduciary duty claim. The court would agree if Salleh's only argument that his relationship with Lotfey constituted a fiduciary relationship involving a great disparity of position and influence between the parties. *See Stewart v. Machias Savings Bank,* 2000 ME 207 ¶ 10, 762 A.2d 44. To establish a great disparity of position and influence, a party must demonstrate diminished emotional or physical capacity or show that he was in such a vulnerable position that he let down all guards and defenses. *Oceanic Inn Inc. v. Sloan's Cove LLC,* 2016 ME 34 ¶ 18, 133 A.3d 1021; *Stewart,* 2000 ME 207 ¶¶ 11-12.

Salleh has not demonstrated that there is a disputed issue for trial on that issue. *See Szelenyi v. Morse Payson & Noyes Insurance,* 594 A.2d 1092 (Me. 1991). In *Szelenyi* the Law Court ruled that absent a special relationship between the parties, an insurance agent assumes only the duties found in an ordinary agency relationship – the duty to use reasonable care, diligence, and judgment. 594 A.2d at 1094. It did not hold that an insurance agent had an enhanced duty even though there was evidence that the plaintiff in *Szelenyi* was elderly, lacked sophistication in insurance matters, and had difficulty with the English language. *See id.* at 1095 n.4.

5

However, to the extent that Salleh is simply alleging that Lotfey violated his duty as Salleh's insurance agent to use reasonable care, diligence, and judgment – the duties that *Szelenyi* found were applicable to insurance agents – the court finds that there is a disputed issue for trial. If providing information with respect to the filing of claims fell within the scope of Lotfey's services to Salleh as his insurance agent – which is itself a disputed issue for trial – Michals is not entitled to summary judgment on Count V.

The court has also considered the arguments made by Michals in support of its argument that it is entitled to summary judgment on Salleh's negligent misrepresentation claim. For essentially the same reasons discussed above with respect to Salleh's breach of duty claim, Salleh's negligent misrepresentation claim also presents disputed issues for trial.[3] The court does not conclude that expert testimony is necessary to support the negligent misrepresentation claim. It also finds that while it may appear likely that Travelers would have turned down Salleh's claim even if there has been no misrepresentation with respect to the car lifts, the court cannot find that to be undisputed for purposes of summary judgment.

## Salleh's Motion to Exclude Expert Testimony

Salleh's motion to strike any expert testimony from Victor Collazo is based on the theory that Collazo's expert designation was insufficient. However, the designation was timely made and was made after all of the proposed testimony had already been disclosed to counsel for Salleh in Collazo's deposition. It was therefore permissible for Travelers to simply state that Collazo's expert testimony would be consistent with his deposition.

---

[3] Michals argues that because it is not alleged that Lotfey misrepresented any facts, count VI is really a negligence claim. The court reserves decision on that issue. Restatement (Second) of Torts § 552 refers to false "information" that is negligently supplied, and it can perhaps be argued that "information" would include bad advice.

6

It can be argued that the challenged testimony offered by Collazo is not expert testimony but rather factual testimony by a witness who happened to be knowledgeable with respect to auto parts. Travelers therefore may have designated Collazo to avoid any argument at trial as to whether or not Collazo was testifying as an expert, However, assuming that Collazo qualifies as an expert, the theory of expert designations is to give notice of the expert testimony to be offered. In this case Salleh was given notice of the testimony, and the court will not grant Salleh's motion to exclude.

## Michals Motion in Limine

If Lotfey was acting in the scope of his employment, his recorded out of court statement would qualify as an admission not subject to a hearsay objection under M.R.Evid. 801(d)(2)(D). Because there is a disputed issue of fact with respect to scope of employment, the court will not grant the Michals Agency's motion to exclude Lotfey's out of court statement at this time.

However, this does not mean that Salleh can simply introduce the statement. Under Rule 801(d)(2)(D) the statement itself cannot establish that Lotfey was within the scope of his employment. At trial Salleh would have to provide sufficient independent evidence that Lotfey was acting within the scope of his employment before the court could rule on the admissibility of the statement pursuant to M.R.Evid. 104(a) and 801(d)(2)(D) and before the out of court statement could be admitted.

The entry shall be:

1. The motion for summary judgment by defendant Travelers Casualty Insurance Co. if granted as to plaintiff's claims for damage to the building and is otherwise denied.

7

2. The motion for summary judgment by defendant Michals Insurance Agency Inc. is denied.

3. Plaintiff's motion to exclude expert testimony by Victor Collazo is denied.

4. The motion in limine by defendant Michals Insurance Agency to exclude out of court statements by Nick Lotfey is denied without prejudice.

5. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: November 22, 2016

_____
Thomas D. Warren
Justice, Superior Court

STATE OF MAINE                                SUPERIOR COURT
CUMBERLAND, ss.                               CIVIL ACTION
                                              Docket No. CV-15-104


KHERALLAH SALLEH,

                Plaintiff

v.

TRAVELERS CASUALTY INSURANCE          RECEIVED
CO., et al.,

                Defendants


Before the court is a motion by defendant Michals Insurance Agency Inc. to set aside the default entered against it on March 27, 2015.

The papers filed by the parties indicate that between October 2014 and January 2015, there were communications between plaintiff's counsel and both defendants and their insurers to explore settlement. On March 1, 2015 plaintiff's counsel, who had not heard back since late January, sent the complaint to the sheriff's office for service on the defendants. Although not obliged to so, plaintiff's counsel did not inform defendants or their insurers that he was commencing a lawsuit.

On March 5, 2015 service was made on Registered Agency Solutions Inc. in Portland. Registered Agency Solutions Inc. is the registered agent for service of process on the Michals Agency, which is based in Watertown, Massachusetts.

On March 16, 2015 plaintiff filed the complaint and the return of service on the Michals Agency.

On March 27, 2015, two days after the expiration of the 20 day time limit for the filing of a responsive pleading, plaintiff sought an entry of default and a default judgment against the Michals Agency. A default was entered, but the court declined to enter a default judgment, concluding that a hearing was required.

On April 6, 2015, 12 days after the expiration of the 20 day time limit for the filing of a responsive pleading and 10 days (six business days) after the entry of default, counsel filed an appearance for the Michals Agency along with the instant motion to set aside the default, a motion for leave to file a late answer, and the late answer that the Michals Agency proposed to file.

On a motion pursuant to Rule 55(c) the moving party must show a good excuse for the untimeliness in pleading and the existence of a meritorious defense. E.g., Thomas v. Thompson, 653 A.2d 417, 419-20 (Me. 1995). Motions to set aside defaults have been granted in cases where no "gross neglect" was involved in the late filing, where the nondefaulting party will not be substantially prejudiced, and where a meritorious defense exists. Id., 653 A.2d at 420, citing 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil § 2696 (1983).

In this case the court can discern no prejudice to plaintiff Kherallah Salleh from the one week delay in the filing of the Michals Agency's answer. Moreover, the Michals Agency has raised potentially meritorious defenses for purposes of M.R.Civ.P. 55(c). *See Hamby v. Thomas Realty Associates,* 617 A.2d 562, 564 (Me. 1992) (moving party's assertion of facts supporting potentially meritorious defense are assumed to be true on motion to set aside default). Indeed, Salleh's opposition to the Michals Agency's Rule 55(c) motion is based entirely on the contention that the Michals Agency has not shown a sufficiently good excuse for the default.

2

The record before the court establishes that after the complaint was served on March 5, it was sent by Federal Express to the Michals Agency in Watertown, where it arrived on March 10. Both of the owners and managers of the Michals Agency were on vacation on March 10, and the Federal Express package was placed on the desk of the Agency's part time bookkeeper, where it was found unopened after the co-owner and co-manager of the Michals Agency was informed that a default had been entered.

The "good cause" standard under Rule 55(c) is a less stringent standard than the "excusable neglect" standard that would have to be met under M.R.Civ.P. 60(b)(1) if a judgment had been entered. *Erskine v. Commissioner*, 682 A.2d 681, 684 (Me. 1996). Given that no gross neglect is apparent from this record, given the absence of any prejudice to Salleh, given that the Michals Agency acted promptly to set aside the default as soon as it learned that a default had been entered, and given that the answer was filed less than two weeks after it was originally due, the court finds that the Michals Agency has demonstrated the necessary good cause to set aside the default.

This is consistent with the strong preference for deciding cases on their merits. *See Thomas v. Thompson*, 653 A.2d at 419 (Me. 1995); *Millet v. Dumais*, 365 A.2d 1038, 1040 (Me. 1976), quoting Field McKusick & Wroth, *Maine Civil Practice* § 55.4 at 21-22 ("substantial rights should not be determined by default if that procedure can reasonably be avoided and no substantial prejudice has resulted"); 3 C. Harvey, *Maine Civil Practice* § 55:7 (2011).

The entry shall be:

The motion by defendant Michals Insurance Agency Inc. to set aside the default entered on March 27, 2015 and to file a late answer is granted. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

3

Dated: June 22, 2015

_____
Thomas D. Warren
Justice, Superior Court

4

205 Newbury Street, Ground Floor
Portland, ME 04101

JEFFREY EDWARDS ESQ
PRETI FLAHERTY
PO BOX 9546
PORTLAND ME 04112-9546

Defendant Michals Insurancy Agency

Portland, ME 04101

TRACY HILL ESQ
GERMANI MARTEMUCCI & HILL
43 DEERING STREET
PORTLAND ME 04101

Defendant Travelers Casualty Insura

STEPHEN WHITING ESQ
THE WHITING LAW FIRM PA
75 PEARL STREET SUITE 207
PORTLAND ME 04101-4101

Plaintiff